IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

FILED
SEP 17 2004
TERESA L. DEPPNER, CLERK
U.S. District & Bankruptcy
Southern District of West Virginia

MARCUS WILLIAMSON
    PLAINTIFF,

vs.    CASE # 5:04-1011
    JURY TRIAL REQUESTED

HARRELL WATTS
KIM WHITE
MARTY C. ANDERSON
RAY ORMOND
CURTISS LIPPS
BARBARA BARRETT
    DEFENDANTS.

## MOTION FOR CIVIL RIGHTS VIOLATION

PRELIMINARY STATEMENT:

    This is a civil rights action filed by Plaintiff MARCUS WILLIAMSON, a Federal prisoner, for exemplary, punitive, and injunctive relief under 28 U.S.C. § 1331 A and 1343.

JURISDICTION:

    The court has jurisdiction over the plaintiff's claims of violation of Federal Constitutional rights under 28 U.S.C. § 1331 (a) and 1343.

PARTIES:

    The plaintiff, Marcus Williamson is incarcerated at Federal Correctional Institution Facility (Beckley) during the events described in this complaint.

DEFENDANTS:

    Harrell Watts (BOP Central Office Administrator); Kim M. White (Regional Director); Marty C. Anderson (Warden FCI-Beckley)

Ray Ormond (Administrative Remedy Coordinator FCI-Beckley); Barbara Barrett (Unit Manager); and Curtiss Lipps (Counselor); all are Correctional Officers under the United States Government. They are sued in their official and individual capacities. Defendant Barbara Barrett is a unit manager employed at FCI-Beckley. She is added to the claim under permanent, preventive, mandatory and prohibitory injunction. All defendants have acted and continued to act under color of Federal Law at all times relevent to this complaint.

## FACTS

On May 10, 2004, I asked Counselor Lipps could he move me to another cell because I was having problems with my cell partner. He said, "Probably not." When I asked him why he said, "We don't always get what we want do we?" I asked Mr. Lipps could I be hired as a unit orderly. He replies, "No, I don't want you in the unit with me because me and you are like oil and water, we just don't mix."

INCIDENT 2:

On May 20, 2004, I told Mr. Lipps I was having problems with my cellie, (he was standing over me while I was resting). He responded with a smirk on his face, "How could I know, but it could be possible." I asked Mr. Lipps could he move me and he said, "I don't have any place for you." When I left his office, I noticed there was a bunk open in the unit. I was currently in

room # 408, a three (3) man cell. A Caucasian inmate had asked him the day before to move out of cell #408 and Mr. Lipps moved him immediately on request. He keeps repeating to me that "we don't get along."

The plaintiff tried on many occasions to file administrative remedies that Mr. Lipps refused to accept. When Mr. Lipps wouldn't comply with the plaintiff, he went to the Unit Manager Barbara Barrett on May 24, 2004, and gave her a copy to be processed since the defendant Curtis Lipps would not comply. She told the plaintiff that she would see that it would be processed. On May 24, 2004, the plaintiff filed another Administrative Remedy BP-8 and BP-9 that the defendant Mr. Lipps would not accept. He told the plaintiff, "I'm not giving you a BP-8 for that, you do whatever you gotta do", intimidating the plaintiff. He accepted a BP-8 Administrative Remedy on June 14, 2004 with the Administrative Remedy Coordinator Mr. Ray Ormond which was rejected for frivolous reasons: (June 22, 2004).

1.  You may resubmit your request in proper form within five (5) days of the date of this rejection notice. The plaintiff resubmitted a copy on June 24, 2004 that was filed by the Administrative Remedy Coordinator Ray Ormond on June 25, 2004.

2.  You may only submit one continuation page equivalent of one letter-sized (8.5 x 11) paper. Text on one side. The text must be legible. The plaintiff issued a copy that was legible.

    The plaintiff filed to the Mid-Atlantic Region, Mrs. Kim White on June 28, 2004, which was received on July 2, 2004,

(3)

#340822-R1, stating that the appeal was untimely. (A five (5) day time expansion from June 28, 2004). Furthermore, the defendant Kim White went along with the conspiracy of this institution agreeing that the Administrative Remedies were untimely and I didn't file with my institution of which I have proof of stamped copies by the Administrative Remedy Coordinator Ray Ormond of the complaint. She responded to this on June 28, 2004, rejecting the plaintiff's Administrative Remedy #33885-F2.

The plaintiff filed to the B.O.P. Central Office on July 17, 2004, which was received on July 19, 2004 by defendant Harrell Watts who rejected the plaintiff's Administrative Remedy #340822-A1 for the following reasons:

1. Your appeal is untimely. Region Appeals (BP-10) must be filed within twenty (20) days of the Warden/CCM response or receipt of DHO Report. This includes mailing time.

2. See remarks: Concur with the Warden's rationale for rejecting this appeal. Please follow the Warden's instructions.

### DELIBERATE INDIFFERENCE/CRUEL AND UNUSUAL PUNISHMENT

The defendant Curtis Lipps was racial in both claims. He deliberatly denied plaintiff of his Constitutional rights. By not moving the plaintiff but by moving the Caucasian and not investigating plaintiff's May 10, and May 20, 2004 requests of warning of possible danger to the plaintiff. This was cruel and keeping the plaintiff in the cell with the disturbed inmate was unusual conduct. The plaintiff stated in his PSI that he had been sexually abused as a child. The

(4)

The defendant knew or should have known when the plaintiff told him that the inmate was standing over him while he was resting was an act of serious danger to the plaintiff. The plaintiff is suffering from emotional depression behind the actions of the defendant.

### EQUAL PROTECTION

The defendant Curtis Lipps was in violation of the **Equal Protection Law** when he wouldn't move the plaintiff and instead moved a Caucasian. The plaintiff was in possible danger at the time he asked the defendant to move him. The Caucasian was in no danger whatsoever but knew the plaintiff and his cellie were having problems.

### CONSPIRACY

The defendants Marty C. Anderson, Harrell Watts, Kim White, Ray Ormond, Barbara Barrett and Curtis Lipps all were conspiring together against the plaintiff. Anyone could plainly see that there was a serious issue in the plaintiff's Adminisrative Remedy. the defendants at the FCI-Beckley institution intentionally made the plaintiff's Administrative Remedies untimely because they knew if this type of information was released they could be sued by the plaintiff. The defendants Kim White (Regional Director) and Harrell Watts did not do a thorough investigation and simply looked over the plaintiff's issues which caused him **mental distress** emotionally, humiliation, and embarrassment.

### RELIEF REQUESTED

Wherefore the plaintiff requests that the court grant the following relief:

(5)

A. The mental and emotional abuse of the plaintiff by defendants Harrell Watts, Kim White, Marty Anderson, Ray Ormond, Barbara Barrett and Curtis Lipps, by violating the plaintiff's established constitutional rights (cruel and unusual punishment, Eighth Amendment) causing physical and emotional distress to the plaintiff. Furthermore, an act of deliberate indifference to cause intentional emotional pain to plaintiff. The defendants knew or should have known that the plaintiff was once treated under psychological care and was emotionally depressed. The acts of the defendant Curtis Lipps was a violation of **Equal Protection** (Fourteenth Amendment) and racial discrimination of the U.S. Constitution by moving a Caucasian instead of moving the plaintiff who was subject to danger and physical harm. Using racial remarks and ignoring the plaintiff's complaint.

B. Awarded compensatory damages jointly and severely against:
1. Defendant Harrell Watts, Kim Whits, Marty C. Anderson, and Ray Ormond for conspiring with the defendant Curtis Lipps and damages for emotional and psychological injuries and nominal damages for distress.
2. Defendants Marty C. Anderson, Ray Ormond and Curtis Lipps for the punishment and non-physical injuries resulting from denial of Equal Protection (Fourteenth Amendment), Deliberate Indifference (Eighth Amendment), and Cruel and Unusual Punishment (Eighth Amendment) of the U.S. Constitution, also conspiring against the plaintiff.

3. Defendants Barbara Barrett, Marty C. Anderson Ray Ormond and Curtis Lipps for injunctive relief for not accepting the inmate's Administrative Remedies on time and delaying Administrative Remedies so that they would be untimely.

4. Defendant Curtis Lipps for emotional, non-physical and psychological damages including personal humiliation and mental anguish. The defendant ignored plaintiff's issues and did not investigate, he just left the plaintiff in a situation that could have turned out to be a devastating and injurious event for the plaintiff, in violation of plaintiff's Eighth and Fourteenth Amendment rights of the U.S. Constitution as discussed above.

C. Awarded Nominal, Substantial punitive and exemplary damages.

Dated:
9-15-04

Marcus Williamson