IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | | |
|---|---|---|
| MARCUS T. WILLIAMSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:04-1011 |
| | ) | |
| HARRELL WATTS, Central Office | ) | |
| Administrator, Bureau of Prisons, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

On September 17, 2004, Plaintiff filed a Motion for Civil Rights Violation naming Bureau of Prisons administrators and FCI Beckley correctional officers as defendants and claiming violation of his constitutional rights and racial discrimination based upon Defendants' alleged refusal to move him to another cell because his cell mate was acting in an imposing manner and refusal to accept his grievances.[1] (Document No. 1.) Plaintiff also filed a Motion for a Temporary Restraining Order, Preliminary, Permanent, Preventive, Mandatory and Prohibitory Injunction and a Declaration in Support. (Document No. 2.) Plaintiff's claims should therefore be considered under Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Plaintiff also filed an Application to Proceed *in forma pauperis*. (Document No. 3.)[2]

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] This is one of three actions which Plaintiff has brought recently in which he claims violations of his constitutional rights. On August 12, 2004, Plaintiff filed a Motion for Civil Rights Violation alleging denial of his constitutional right to due process and violation of his rights under the Eighth Amendment and to equal protection and racial discrimination in conjunction with his designation to the special housing unit between December 31, 2003, and

Plaintiff claims that in May, 2004, he complained to Defendant counselor Lipps that he "was having problems with my cell partner." Plaintiff states that his cell partner "was standing over me while I was resting." Counselor Lipps stated that no place was available to move him though Plaintiff noticed an empty bunk in the unit. Plaintiff claims that a Caucasian inmate in his cell asked counselor Lipps to be moved and he was moved immediately. Plaintiff further claims that when he filed an administrative complaint, counselor Lipps refused to accept it. Plaintiff went to Defendant Unit Manager Barrett who accepted a copy of his complaint. Plaintiff filed further administrative complaints, and Counselor Lipps refused to accept them. Apparently, he accepted one of them in June, 2004, and it was rejected "for frivolous reasons." Plaintiff resubmitted his complaint with Defendant Administrative Remedy Coordinator Ormond, and it too was rejected. Plaintiff then appealed to the mid-Atlantic Regional Office and the Bureau of Prisons Central Office where Defendants White and Watts found his appeal untimely. Construing Plaintiff's claims boradly as the Court must, the undersigned finds that Plaintiff claims that his cell partner's imposing conduct presented a serious and obvious risk to him of bodily harm and Defendants were deliberately indifferent to it in violation of his rights under the Eighth Amendment of the United States Constitution. Plaintiff further claims that defendants acted in a racial discriminatory manner and in violation of his right to equal protection when it would not move him to another cell knowing that he was in danger and moved a Caucasian inmate at his request. Plaintiff further complains that Defendants conspired in the administrative remedies process to delay and undermine his complaints so that they would not be successful. Plaintiff claims that Defendants conduct caused him physical,

---

February 17, 2004. That action is designated 5:04-0859 and assigned to United States District Judge Chambers. On November 5, 2004, he filed a further Motion for Civil Rights Violation claiming that his constitutional rights were violated while he was in segregation from December 31, 2003, through February 17, 2004, when he was improperly strip searched four times. That action is designated Civil Action No. 5:04-1191, and Judge Goodwin is presiding.

mental and emotional distress and seeks nominal, compensatory and punitive damages and injunctive relief.

On January 25, 2005, Plaintiff filed a letter stating that he could not pay the filing fee in this case and did not want to prosecute it further and requesting that the case be dismissed without prejudice. (Document No. 6.) Plaintiff clearly did so because the Court granted his Application to Proceed *in forma pauperis* in 5:04-0859 entering an Order stating that though he was relieved of paying the initial partial filing fee because it appeared that he was unable to do so, he would nevertheless be required to pay the entire filing fee by withdrawals from his inmate account. The undersigned will first conduct a screening analysis pursuant to 28 U.S.C. § 1915A and then consider Plaintiff's January 25, 2005, request that this matter be dismissed.

I. Screening Analysis.

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 -328, 109 S.Ct. at 1833. A complaint is malicious when it contains allegations which the plaintiff knows to be false, it is a part of a longstanding pattern of abusive and repetitious lawsuits or it contains disrespectful or abusive language. *See* In re Tyler, 839

F.2d 1290, 1293 (8th Cir. 1988). A complaint fails to state a claim upon which relief can be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

"[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates." Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987).

    A. Plaintiff's Eighth Amendment Claim.

Considering Plaintiff's claims as alleging prohibited punishments under the Eighth Amendment of the United States Constitution, it is clear that the circumstances alleged do not present a viable Eighth Amendment claim. The Eighth Amendment prohibits cruel and unusual punishment. As a general matter, prohibited punishments under the Eighth Amendment include those which involve the "unnecessary and wanton infliction of pain," and conditions that are "grossly disproportionate to the severity of the crime warranting imprisonment." Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981); Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976)(quoting Gregg v. Georgia, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976)). The Eighth Amendment "not only outlaws excessive sentences but also protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). Thus, under the Eighth Amendment, sentenced prisoners are entitled to "adequate food, clothing, shelter, sanitation, medical care and personal safety." Wolfish v. Levi, 573 F.2d 118, 125 (2d Cir. 1978), rev'd on other grounds, Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). See also Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994)(Supreme Court noted that Eighth Amendment imposes certain duties upon prison officials to "ensure that inmates receive adequate food, clothing, shelter and medical care, and must 'take reasonable measures to guarantee

4

the safety of the inmates.'"), quoting Hudson v. Palmer, 468 U.S. 517, 526 - 27, 104 S.Ct. 3194, 3200, 82 L.Ed.2d 393 (1984)); Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981)(Court held that only those conditions depriving inmates of "the minimal civilized measure of life's necessities" are sufficiently grave to form the basis of an Eighth Amendment violation); The Eighth Amendment "does not mandate comfortable prisons." Rhodes v. Chapman, 452 U.S. at 349, 101 S.Ct. at 2400. "To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Id. at 347, 101 S.Ct. at 2399; Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995), citing Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); Lopez v. Robinson, 914 F.2d 486, 490 (4th Cir. 1990).

To establish a violation of the Eighth Amendment in the context of a challenge to conditions of confinement, an inmate must allege (1) a "sufficiently serious" deprivation under an objective standard and (2) that prison officials acted with "deliberate indifference" to the inmate's health and safety under a subjective standard. Wilson v. Seiter, 501 U.S. 294, 297 - 99, 111 S.Ct. 2321, 2323 - 2325, 115 L.Ed.2d 271 (1991). A sufficiently serious deprivation occurs when "a prison official's act or omission . . . result[s] in the denial of the minimal civilized measure of life's necessities.'" Id. at 298, 111 S.Ct. 2321 (citing Rhodes v. Chapman, 452 U.S. at 347, 101 S.Ct. 2392)."In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements – that 'the deprivation of [a] basic human need was objectively sufficiently serious,' and that 'subjectively the officials act[ed] with a sufficiently culpable state of mind.'" Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995)(quoting Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993)(quotation omitted)). See also White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1991)("In Strickler, we held that a prisoner must suffer 'serious or significant physical or mental injury' in order to be 'subjected to cruel and unusual

5

punishment within the meaning of the' Eighth Amendment.") The touchstone is the health and safety of the inmate. Plaintiff in this case must therefore allege in the first place and eventually establish a "sufficiently serious" deprivation of life's necessities and medical care and resulting "serious or significant physical or mental injury" in order to maintain and prevail upon his Eighth Amendment claim. To establish the subjective component of deliberate indifference, Plaintiff must allege and prove each Defendant's consciousness of the risk of harm to him. See Farmer, supra, 511 U.S. at 840, 114 S.Ct. at 1980. In particular, Plaintiff must establish respecting each Defendant that he or she  "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, supra, 511 U.S. at 837, 114 S.Ct. at 1979.

Standing alone, the practice of celling inmates together does not constitute cruel and unusual punishment in violation of the Eighth Amendment. See Rhodes v. Chapman, 452 U.S. 337, 350, 101 S.Ct. 2392, 2400, 69 L.Ed.2d 59 (1981); Bell v. Wolfish, 441 U.S. 520, 541 - 544, 99 S.Ct. 1861, 1875 - 77, 60 L.Ed.2d 447 (1979). Although celling inmates together is not *per se* unconstitutional, when combined with other adverse conditions, it may create an Eighth Amendment violation. Id.; see also Wilson v. Seiter, 501 U.S. at 304, 111 S.Ct. At 2327 ("Some conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise – for example, a low cell temperature at night combined with a failure to issue blankets.") In Carty v. Farrelly, 957 F.Supp. 727, 741 (D. Virgin Islands 1997), the District Court found that housing mentally ill inmates with non-mentally ill inmates can present an unnecessary and unwarranted risk of personal injury to the mentally ill and non-mentally ill inmates.

6

Plaintiff in this case alleges that his cell mate acted in an imposing manner but does not allege that he was mentally ill or actually attempted to assault him. While the behavior of his cell mate no doubt made Plaintiff uncomfortable as may be common in the prison's communal living environment, the circumstances as alleged do not rise to the level of cruel and unusual punishment in violation of the Eighth Amendment. There is no indication in Plaintiff's allegations that any risk actually existed impacting Plaintiff's safety or that Plaintiff suffered a "sufficiently serious" deprivation under the objective standard of an Eighth Amendment analysis. Accordingly, reading Plaintiff's Motion for Civil Rights Violation liberally and in a light most favorable to Plaintiff, the undersigned finds that Plaintiff's Motion for Civil Rights Violation fails to state an Eighth Amendment claim upon which relief can be granted because it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief under that constitutional provision.

      B. Equal Protection/Racial Discrimination.

Viable equal protection claims are based upon allegations that similarly situated individuals are treated differently without a rational relationship to a legitimate governmental purpose. In order to state a cognizable equal protection claim, a plaintiff must allege that defendants acted with intentional discrimination against a class of inmates which included plaintiff. Johnson v. California, ___ U.S. ____, 125 S.Ct. 1141, 160 L.Ed.2d 949 (2005). Plaintiff's allegation that Defendants discriminated against him in making cell assignments because Defendants permitted a Caucasian inmate to move to another cell instead of Plaintiff does not present a cognizable equal protection claim. Plaintiff does not allege that Defendants had a practice or policy of making cell assignments on the basis or race or preferring a certain class of inmates over others. Thus, the undersigned concludes that Plaintiff's claim that Defendants violated his right to equal protection is insufficient

and does not state a claim for which relief can be granted.

      C. <u>Refusal to Accept Grievances.</u>

      Assuming that Plaintiff's allegations that Defendants refused to accept his grievances and then delayed in their processing, his claims fail to state a cause of action because inmates do not have a constitutionally protected right to a grievance procedure. There is no constitutional right to participate in grievance procedures. <u>Adams v. Rice</u>, 40 F.3d 72, 75 (4th Cir. 1994), *cert. denied*, 514 U.S. 1022, 115 S.Ct. 1371, 131 L.Ed.2d 227 (1995). The alleged circumstances therefore do not present sufficient grounds for relief under <u>Bivens</u>.

      D. <u>Claim for Injunctive Relief.</u>

      Under Article III, Section 2 of the Constitution of the United States, the Plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." <u>Spencer v. Kemna</u>, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998)(*quoting* <u>Lewis v. Continental Bank Corp.</u>, 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990)). This case or controversy requirement means that Plaintiff must continue to have a personal stake in the outcome of the civil action when the Complaint is filed and when the case is decided. <u>Id</u>. If at any point in the proceeding there is no actual controversy, the case must be dismissed as moot. <u>Id</u>. When an inmate seeking injunctive relief is transferred to another institution, the transfer will render his claims for injunctive relief moot unless he "can show either a 'demonstrated probability' or a 'reasonable expectation' that he will be transferred back to the facility." <u>Oliver v. Scott</u>, 276 F.3d 736, 741 (5th Cir. 2002), *quoting* <u>Murphy v. Hunt</u>, 455 U.S. 478, 482, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982). Likewise, when an inmate seeking injunctive relief is released from custody, the inmate no longer maintains a "sufficient interest in the outcome of the requested relief to present a justiciable case or controversy." <u>Ross v. Reed</u>, 719 F.2d 689, 693 (4th

Cir. 1983). In general therefore, claims for injunctive relief become moot when the inmate is no longer held in custody in the institution where the circumstances presenting the grounds for the requested injunctive relief occurred because the inmate is no longer subjected to those circumstances. Id.

The undersigned notes from the record in Williamson v. Anderson, et al., Civil Action No. 5:04-0859, (Document No. 32.) that Plaintiff informed the Court in July of this year that he has been transferred to FCI Bennettsville, South Carolina. Accordingly, the circumstances claimed by Plaintiff as a basis for seeking injunctive relief must be deemed no longer to exist, and Plaintiff's claim for injunctive relief must be dismissed as moot unless he can prove that it is likely and he has a reasonable expectation that he will be transferred back to FCI Beckley.

For the foregoing reasons, upon consideration of the allegations contained in Plaintiff Motion for Civil Rights Violation and Motion for a Temporary Restraining Order, Preliminary, Permanent, Preventive, Mandatory and Prohibitory Injunction and applicable law, the undersigned recommends that the District Court deny Plaintiff's Application to Proceed in forma pauperis and dismiss Plaintiff's action pursuant to 28 U.S.C. § 1915A.

II. Plaintiff's Motion to Dismiss.

Plaintiff is subject to the fee payment provisions of the Prison Litigation Reform Act [PLRA] because he is an indigent prisoner. 28 U.S.C. § 1915(b)(1) through (4) provide as follows:

(b)(1) . . . [I]f a prisoner brings a civil action . . ., the prisoner shall be required to pay the full amount of the filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of –
    (A) the average monthly deposits to the prisoner's account; or
    (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . ..
(2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to

the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

(3) In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action . . ..

(4) In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

The statute makes it perfectly clear that when a prisoner files a civil action, he or she is responsible for the payment of the filing fee. This is so even if they request the voluntary dismissal of their cases in conformity with Rule of Civil Procedure 41(a)(1). *See* Jackson v. N.P. Dodge Realty Company, 173 F.Supp.2d 951 (D.Neb. 2001); Copley v. Henderson, 980 F.Supp. 322 (D.Neb. 1997). *See also* DeBlasio v. Gilmore, 315 F.3d 396, 398 (4th Cir. 2003)(Goodwin, J.)("Under section 1915(b)(1), if a prisoner brings a civil action . . . in forma pauperis, the prisoner . . . is not excused from prepaying the filing fee.") But the safety-valve language of § 1915(b)(4) is viewed as preventing dismissal of an indigent prisoner's action for failure to pay the initial partial filing fee. *See* Taylor v. Delatoore, 281 F.3d 844, 850 - 851 (9th Cir. 2002).

In this case, the Court has not granted Plaintiff's Application to Proceed in *forma pauperis* and on screening the undersigned proposes that Plaintiff's Application be denied. Plaintiff has not been required to make any initial partial payment or installment payments of the Court's filing fee. Under these circumstances, the undersigned recommends that the District Court regard Plaintiff's request that this matter be dismissed without prejudice to be a request for the voluntary dismissal of this case in conformity with Rule 41(a)(1)[3] and a request to withdraw his Application to Proceed

---

[3]Rule of Civil Procedure 41(a)(1) provides as follows:

[A]n action may be dismissed by the plaintiff without order of court . . . by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs . . ..

10

*in forma pauperis* and grant Plaintiff's requests.

Having conducted a screening analysis and considered Plaintiff's January 25, 2005, Motion to Dismiss, the undersigned concludes that the District Court may (1) deny Plaintiff's Application to Proceed *in forma pauperis* and dismiss his action pursuant to 28 U.S.C. § 1915A because Plaintiff's allegations fail to state a claim upon which relief can be granted and alternatively (2) consider  Plaintiff's January 25, 2005, request that this matter be dismissed without prejudice to include a request to withdraw his Application to Proceed *in forma pauperis* and grant Plaintiff's requests. In either case, Plaintiff will not be required to pay the Court's filing fee. It is hereby respectfully **RECOMMENDED** that the Court adopt the second course considering Plaintiff's January 25, 2005, letter (Document No. 6.) a request for dismissal of this case without prejudice in conformity with Rule 41(a)(1) and a request to withdraw his Application to Proceed *in forma pauperis*, **GRANT** Plaintiff's requests, **DISMISS** Plaintiff's Motion for Civil Rights Violation and Motion for a Temporary Restraining Order, Preliminary, Permanent, Preventive, Mandatory and Prohibitory Injunction (Document Nos. 1 and 2.) without prejudice and **REMOVE** this matter from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States Chief District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have thirteen days from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo*

review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841,846 (4th Cir. 1985); United States v. Schonce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Chief Judge Faber and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to counsel of record and to Plaintiff at his current address as stated in Civil Action No. 5:04-0859, namely,

> Mr. Marcus T. Williamson
> 20496-054
> Federal Correctional Institution
> P. O. Box 52020
> Bennettsville, South Carolina 29512-5220

Date: August 11, 2005.

R. Clarke VanDervort
United States Magistrate Judge

12