```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT BECKLEY
```

**MARCUS T. WILLIAMSON,**

    **Plaintiff,**

**v.**                                              **CIVIL ACTION NO. 5:04-1011**

**HARRELL WATTS, Central Office**
**Administrator, Bureau of Prisons, et al.,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

    By Standing Order entered on July 1, 2004, this matter was referred to United States Magistrate Judge R. Clarke VanDervort. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Standing Order directs the Magistrate Judge to submit proposed findings and recommendations for disposition of this matter. Magistrate Judge VanDervort submitted his proposed Findings and Recommendation on August 11, 2005, urging the court to: (1) dismiss this case without prejudice in conformity with Rule 41(a)(1); (2) dismiss plaintiff's Motion for Civil Rights Violations and Motion for a Temporary Restraining Order, Preliminary, Permanent, Preventive, Mandatory and Prohibitory Injunction without prejudice; and (3) remove this matter from the court's docket.

    In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted ten days, plus three mailing days, in which to file any objections to the Proposed Findings and Recommendation of the Magistrate Judge. The failure of any party to file objections within the appropriate time frame constitutes

a waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985). On August 26, 2005, plaintiff filed a motion to extend the time in which to file objections. The court extended the time to September 15, 2005, and on August 31, 2005, plaintiff filed his objections. In view of plaintiff's objections, the court has conducted a de novo review of the record in this case.

At the time this civil action was filed plaintiff was an inmate at FCI Beckley, West Virginia. He charges that officials at FCI violated his constitutional rights and engaged in racial discrimination when they refused his request to be moved to another cell, and refused to accept his grievances. Plaintiff asserted that his cell mate was standing over him while he was resting, apparently placing him in apprehension of a homosexual assault, that prison officials refused to move him to another cell although they moved a Caucasian inmate, and that prison officials refused to process his grievances.

When plaintiff learned that he would have to pay his filing fee out of prison earnings, he filed, on January 25, 2005, a letter stating that he could not pay the fee, did not want to press his case further, and asked that it be dismissed without prejudice.

2

Having conducted a de novo review of the record, this court concludes that plaintiff's claim falls far short of the mark a claimant must reach in order to mount a successful constitutional challenge to conditions of confinement. See, Wilson v. Seiter, 501 U.S. 295 (1991). There is no claim that plaintiff's cell mate actually attempted to assault him.

Additionally, plaintiff has been relocated to FCI Bennettsville, South Carolina. When an inmate seeking injunctive relief based on conditions of confinement is transferred to another institution, his claim is rendered moot unless he can show a demonstrated probability or reasonable expectation that he will be remanded to the original facility. Oliver v. Scott, 276 F.3d 736 (5th Cir. 2002).

Finally, there is no constitutional right to participate in grievance procedures. Adams v. Rice, 40 F.3d 72 (4th Cir. 1994), cert. denied, 514 U.S. 1022 (1995).

Accodingly, this court: (1) CONFIRMS and ACCEPTS the Proposed Findings and Recommendation of the Magistrate Judge; (2) DISMISSES this civil action without prejudice; and (3) DIRECTS the Clerk to remove this case from the court's active docket.

The Clerk is further directed to forward a certified copy of this Memorandum Opinion and Order to counsel of record and to the plaintiff, pro se.

IT IS **SO ORDERED** this 29th day of September, 2005.

*David A. Faber*
David A. Faber
Chief Judge